T.C. Summary Opinion 2016-39


UNITED STATES TAX COURT


RUBEN JAUREGUI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7194-14S.                    Filed August 8, 2016.


Ruben Jauregui, pro se.

Catherine G. Chang and Daniel V. Triplett, Jr., for respondent.


SUMMARY OPINION


VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

   [1] Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,291.60 in petitioner's Federal income tax for 2010 and an accuracy-related penalty of $658.32 under section 6662(a). After concessions,[2] the issues for decision are: (1) whether petitioner is entitled to deduct business expenses of $22,783 on Schedule C, Profit or Loss From Business; (2) whether petitioner is entitled to deduct tax return preparation fees of $250; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated herein by this reference. Petitioner resided in California when he petitioned the Court.

In 2010 petitioner was employed full time as a production manager at a company that manufactures underwater welding equipment. Petitioner also operated a carpentry business as a sole proprietor where he sold wooden parts used in the construction of furniture.

---

[2] Petitioner conceded that compensation of $4,570 that he received from A. Rudin, Inc., should be reported as gross receipts on his Schedule C and not as wages as originally reported on his return.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2010, where he: (1) reported total wage income of $54,379; (2) deducted unreimbursed employee expenses of $22,783; and (3) deducted tax return preparation fees of $250. On February 18, 2014, respondent issued petitioner a notice of deficiency for 2010 disallowing the unreimbursed employee expense deduction and tax return preparation fee deduction and imposing an accuracy-related penalty of $658.32 under section 6662(a). Petitioner timely filed a petition with this Court in response to the notice of deficiency.

On February 20, 2014, petitioner faxed to respondent an unsigned and undated copy of a Form 1040X, Amended U.S. Individual Income Tax Return. On the amended return petitioner reallocated items he had previously included in wage income and unreimbursed employee expenses to a Schedule C.

## Discussion

### I. Burden of Proof

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). There are exceptions to this rule. Section 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a

taxpayer's liability for tax if the taxpayer meets certain preliminary conditions. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). This case is decided on the preponderance of the evidence and is not affected by the burden of proof or section 7491(a).

## II. Deductions Generally

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113-114. The term "trade or business" in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

A taxpayer ordinarily must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. If, however, a taxpayer with inadequate or nonexistent business records is able to prove that he or she paid or incurred a deductible business expense but does not prove the amount of the

expense, we may estimate the amount allowable in some circumstances (Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930). The taxpayer must introduce sufficient evidence to permit us to conclude that the taxpayer paid or incurred a deductible expense in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayer who failed to maintain required records and to substantiate expenses underlying deductions as the Code requires. See Cohan v. Commissioner, 39 F.2d at 544.

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, and listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense or item; (2) the time and place of the travel, entertainment, or expense; (3) the business purpose of the entertainment or expense; and (4) the taxpayer's relationship to the person or persons entertained. Section 280F(d)(4) defines

listed property as, inter alia, any passenger automobile or any other property used as a means of transportation.

Regulations interpreting the requirement under section 274(d) that travel expenses be substantiated by adequate records generally provide that a taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of the expenses.  See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  In the absence of adequate records to substantiate an element of an expense, however, the regulations provide that a taxpayer may establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element".  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985); see also Furnish v. Commissioner, T.C. Memo. 2001-286, slip op. at 11 (citing Watson v. Commissioner, T.C. Memo. 1988-29).

III.   Schedule C Deductions

Petitioner initially claimed--presumably in relation to his job as a production manager--several items of expense on his Schedule A, Itemized Deductions, as an unreimbursed employee business expenses deduction.  But petitioner later filed an

amended return and argued at trial that the expenses should have been reported on a Schedule C as business expenses related to his carpentry business. Respondent argues that in either case petitioner has not substantiated the expenses underlying the deductions.

A.    Mileage Expense

The first issue is whether petitioner is entitled to deduct $14,979 in mileage expenses he reported on his return. A taxpayer's cost of commuting between the taxpayer's residence and the taxpayer's place of business or employment generally is a nondeductible personal expense. Secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. However, the cost of going between one business location and another is generally deductible under section 162(a). See Heuer v. Commissioner, 32 T.C. 947, 951 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960). Deductions for vehicle expenses that are business expenses will be disallowed in full unless the taxpayer satisfies the strict substantiation requirements in section 274(d). Sec. 280F(d)(4). Petitioner testified that he drove 100 miles per week the entire year in connection with his carpentry business. Petitioner's only evidence was a single sheet of paper on which he performed a simple math calculation estimating his total miles driven in 2010. Petitioner did not produce a mileage log detailing the specific trips, distances, or purpose for each trip. Therefore, we find that

petitioner has not satisfied the stricter substantiation requirements under section 274(d) and, accordingly, is not entitled to a deduction for mileage expenses.

### B.    Uniforms and Protective Clothing

Petitioner argues that he is entitled to deduct an expense of $340 incurred in purchasing uniforms and protective clothing.  Expenses for uniforms are deductible if (1) the uniforms are of a type specifically required as a condition of employment, (2) the uniforms are not adaptable to general use as ordinary clothing, and (3) the uniforms are not worn as ordinary clothing.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Wasik v. Commissioner, T.C. Memo. 2007-148; Beckey v. Commissioner, T.C. Memo. 1994-514.  Petitioner provided no documentation substantiating his expenses for uniforms or protective clothing.  Additionally, there is no evidence in the record we can consult in determining whether the alleged clothing was required for employment, adaptable to general use as ordinary clothing, or worn as ordinary clothing.  Accordingly, we find that petitioner is not entitled to deduct the expense.

### C.    Tools

Petitioner argues that he is entitled to deduct an expense of $1,598 for work tools.  Petitioner produced four receipts showing a total of $591.91 spent on tools in 2010.  We find the receipts sufficient to substantiate $591.91 in expenses.

Accordingly, petitioner is entitled to a deduction of $591.91 but is not entitled to deduct any excess amount he reported on his return.

D.    Tires

Petitioner argues that he is entitled to deduct an expense of $598 incurred in purchasing tires for his vehicle.  Petitioner did not produce any documentation to substantiate the expense.  Accordingly, we find that petitioner is not entitled to a deduction for the cost of purchasing tires.

E.    Contract Labor

Petitioner argues that he is entitled to deduct $5,268 he allegedly paid to third-party individuals in the operation of his carpentry business.

Petitioner's carpentry business was limited to the production of wooden legs used in the construction of sofas.  In the course of operating his business, petitioner would first receive orders from a single furniture company for the wooden legs.  Petitioner would then outsource the initial manufacturing to two individuals.  Finally petitioner would apply the finishing touches to the wooden legs before delivering them to the furniture company.

Petitioner alleges that he paid a total of $5,268 in cash to the two individuals to whom he outsourced the initial manufacturing.  Petitioner provided the Court with two Forms 1099-MISC, Miscellaneous Income, showing the

payments; however, the forms were never mailed to or otherwise filed with respondent. Petitioner testified that amounts on one of the Forms 1099 may have been overstated. Petitioner also provided copies of purchase orders which alleged payments to the two individuals in a total amount of $2,268. We find that the Forms 1099 are unreliable and inadequate records but that the purchase orders and petitioner's supporting testimony are sufficient to substantiate a total $2,268 deduction. Accordingly, petitioner is entitled to deduct $2,268 but not the excess amount he claimed on his return.

## IV.   Tax Return Preparation Fees

Petitioner initially claimed a deduction of $250 on his return for tax return preparation fees. Petitioner alleged at trial that he had incurred an expense of $60 in preparing his return. Respondent argues that petitioner is not entitled to a deduction for tax return preparation fees because he has failed to provide adequate substantiation, or alternatively, that petitioner is entitled to only a $60 deduction.

A taxpayer may deduct ordinary and necessary expenses incurred in connection with the determination, collection, and refund of taxes. See sec. 212(3). Such deductible expenses include expenses incurred in connection with the preparation of tax returns. See sec. 1.212-1(a)(1), Income Tax Regs. We find credible petitioner's testimony that he incurred a $60 expense in preparing his tax

return. Accordingly, we find that petitioner is entitled to deduct $60 in tax return preparation fees but not the excess he reported on his return.

V.    Accuracy-Related Penalty

We next determine whether petitioner is liable for an accuracy-related penalty.[3] Section 6662(a) and (b)(1) authorizes the Commissioner to impose a 20% penalty on the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard. See sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that there was reasonable cause and that he or she acted in good faith. See sec. 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a

---

[3] While petitioner did not address his liability for the accuracy-related penalty in his petition, we find that it was tried by consent. See Rule 41(b).

case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id. Reliance on a tax professional demonstrates reasonable cause when a taxpayer (1) selects a competent tax adviser, (2) supplies the adviser with all relevant information, and (3) relies in good faith on the adviser's professional judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position. See Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent met his burden of production in establishing the appropriateness of the penalty. Petitioner did not maintain sufficient records to substantiate most of the expenses underlying his deductions, and the disallowed deductions in this case are directly attributable to petitioner's failure to maintain adequate records. Furthermore, petitioner has not proven he had reasonable cause for his failure to maintain adequate business records. Although petitioner argues that he relied on a return preparer, there is no evidence in the record that his return preparer was competent and was provided all relevant information. We therefore hold that petitioner is liable for a section 6662(a) accuracy-related penalty.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.